ELMORE MILLING COMPANY, INC., Appellant, *v.* DELLA M. CARKEES and PERCY B. ROCKWELL, Respondents.

Third Department, November 23, 1938.

*Seybolt & Seybolt* [*Alva Seybolt* of counsel], for the appellant.

*James J. Byard, Jr.,* for the respondents.

HILL, P. J. Appellant recovered judgments aggregating nearly $600 in two actions against the respondent Della M. Carkees. These were recovered on account of merchandise purchased a year or two previous. After the purchases had been made she conveyed two pieces of real estate, one unincumbered of the value of about $3,000, the other in which she had an equity of about $2,000. It is unquestioned that the conveyances rendered her insolvent, and are, therefore, presumed to be fraudulent unless she received fair con-

sideration. (Debtor and Creditor Law, § 273.) She received nothing except oral promises made by the grantee, her son, to assume the payments owing to certain of her creditors and for her future support. The amounts to be paid were not fairly equivalent to the value of the property. Fair consideration was not established. (Debtor and Creditor Law, § 272.)

The judgment should be reversed and a judgment in favor of the plaintiff-appellant granted.

McNamee, Bliss and Heffernan, JJ., concur; Crapser, J., dissents.

Judgment reversed on the law and facts, with costs, and judgment in favor of plaintiff is directed, with costs.

The court reverses findings of fact numbered sixth, eighth and ninth and such findings of fact as are contained in the conclusions of law.

The court makes the following new findings:

Respondent Della M. Carkees conveyed to her son, Percy B. Rockwell, two pieces of real estate, one unincumbered of the value of at least $3,000, the other in which she had an equity of at least $2,000. That the conveyances rendered her insolvent. That fair consideration was not received for the conveyances.

That appellants heretofore recovered two judgments against Della M. Carkees, both on May 3, 1937; one for $130.01, the other for $453.63 (the second judgment being against the respondent and one Albert Carkees).

That appellant have judgment according to the prayer of its complaint.